UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JONATHAN HURLEY,

                Petitioner,

        -against-

BRIAN FISCHER,

                Respondent.
--------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM AND ORDER**
09-CV-1684 (CBA)

AMON, United States District Judge:

By petition dated April 16, 2009, *pro se* petitioner Jonathan Hurley, seeks a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 Queens County conviction. The Court

grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing

Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the

reasons set forth below, determined that the petition appears to be time-barred by the one year statute

of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or

"Act"). Therefore, petitioner is directed to submit an affirmation, within sixty (60) days of the entry

of this Order, why the petition should not be dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into

law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Background

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under the Act. Petitioner alleges that he was convicted on March 15, 2004. See Petition at 1, ¶ 2. The Appellate Division, Second Department, affirmed the conviction on May 16, 2005. See People v. Hurley, 18 A.D.3d 1109 (2d Dep't 2005). On September 20, 2005, the New York State Court of Appeals denied petitioner leave to appeal. See People v. Hurley, 5 N.Y.3d 829 (2005). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became

final on or about December 19, 2005 and petitioner had until December 19, 2006 to file a writ of habeas corpus. Since the petition was signed on April 16, 2009 and filed on April 21, 2009, more than two years after the limitations period expired, it is barred by 28 U.S.C. § 2244(d) unless tolling is applicable.

Statutory Tolling

In calculating a one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Filing a post-conviction motion, however, does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). On May 17, 2005, petitioner filed a writ of mandamus in state court under Article 78 of the C.P.L.R., which was denied on July 15, 2005. See Petition at 4, ¶ 11(a). Therefore, one month and 28 days are excluded from the calculation of the one-year statue of limitations period, giving petitioner until February 16, 2007 to file a habeas corpus petition.

Petitioner subsequently filed numerous post-conviction motions, including, inter alia, a state habeas corpus petition on March 19, 2007, which was denied on March 26, 2007. See Petition at 4-5, ¶ 11(b). On November 26, 2007, petitioner filed a second state habeas corpus petition, which was denied on December 21, 2007. See Petition at 5, ¶ 11(c). Petitioner's appeal of that decision was denied on November 13, 2008. See Petition at 7, ¶ 6. Petitioner also states that he filed a post-conviction motion pursuant to § 440.10 of the New York Criminal Procedure Law ("440 motion"), which was denied on April 7, 2008. See Petition at 11, ¶ (d). Petitioner further states that on July

3

1, 2008, he filed a writ of mandamus in state court under Article 78 of the C.P.L.R., which was denied on September 5, 2008. See Petition at 12, ¶ (7) and Exhibit 3. However, because petitioner's post-convictions motions, other than his May 17, 2005 petition for a writ of mandamus, were filed after the one year period had already expired, they cannot serve to toll the limitations period under § 2244(d)(2). Therefore, despite petitioner's numerous post-conviction motions, they do not sufficiently toll the statute of limitations period to render his instant petition timely.

Equitable Tolling

The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers may be sufficient to establish potential basis for equitable tolling); but see Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). On the present record, there is no basis for equitable tolling.

## CONCLUSION

Petitioner is therefore directed to show cause by written affirmation, within sixty (60) days from the date of this Order, why the instant petition should not be dismissed as time-barred.[1] Day v. McDonough, 126 S.Ct. 1675, 1684 (2006) ("[B]efore acting on its own initiative [to dismiss

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

4

petition as untimely], a court must accord the parties fair notice and an opportunity to present their positions."). Petitioner's affirmation should include any facts which would support tolling of the statute of limitations.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
    July _2_, 2009

/S/

                    Carol Bagley Amon
                    United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JONATHAN HURLEY,

        Petitioner,

        -against-

BRIAN FISCHER,

        Respondent.

--------------------------------------------------------x

STATE OF _____ }
COUNTY OF _____ } SS:

**PETITIONER'S AFFIRMATION**
09-CV-1684 (CBA)

        JONATHAN HURLEY, makes the following affirmation under the penalties of perjury:

        I am the petitioner in this action and I respectfully submit this affirmation in response to the

Court's order dated _____. The instant petition should not be time-barred by the one-year

statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____

_____
Address

_____
City, State & ZIP