UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JONATHAN HURLEY,

       Petitioner,

-against-

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
09-CV-1684 (CBA)

BRIAN FISCHER,
Superintendent,

       Respondent.

----------------------------------------------------------------------x

AMON, Chief United States District Judge:

      Jonathan Hurley ("Hurley"), pro se, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that he is being unlawfully imprisoned due to various defects in the imposition of his sentence. For the reasons stated below, Hurley's petition is denied.

## I. BACKGROUND

      On January 21, 2004, Hurley pled guilty to a fifteen-count indictment, which included counts of Rape in the First Degree, Sodomy in the First Degree, Sexual Abuse in the First Degree, Kidnapping in the Second Degree, Robbery in the First and Second Degrees, and Criminal Possession of a Weapon in the Fourth Degree. Hurley pled to every count of the indictment pursuant to a plea agreement that he would be sentenced to 13 to 39 years in prison, and would preserve his right to appeal. On March 15, 2004, Hurley was sentenced to an indeterminate prison sentence of 13 to 39 years.

1

On March 16, 2004, Hurley filed a notice of appeal, but never took or perfected a direct appeal. On October 15, 2004, Hurley filed a motion to reduce his sentence to the Appellate Division, Second Department, on the grounds that he had been rehabilitated and the sentence was "unfair and counterproductive." The Appellate Division affirmed his sentence. People v. Hurley, 796 N.Y.S.2d 567 (2d Dep't 2005), leave to appeal denied, 5 N.Y.3d 829 (2005).

On May 17, 2005, Hurley applied to the Appellate Division for a writ of mandamus under Article 78 of the Criminal Procedure Law, on the grounds that the sentencing court failed to direct the clerk to enter judgment or to sign and file a Certificate of Conviction with the County Clerk's office and that, as a result, Hurley's sentence was void. The court denied Hurley's motion to proceed in forma pauperis and, after Hurley failed to pay the filing fee, the action was dismissed. Matter of Hurley v. Fischer, 2007 N.Y. Slip. Op. 72593(U) (2d Dep't, June 26, 2007).

On March 9, 2007, Hurley filed a petition for state habeas corpus relief pursuant to C.P.L.R. article 70. Hurley argued that he was being imprisoned illegally because in imposing his sentence, the court failed to state that he should be committed to the custody of the state Department of Correctional Services (DOCS). On March 26, 2007, the Supreme Court, Franklin County denied the petition on the merits, holding that the alleged errors in the commitment proceedings did not constitute grounds for release from custody. Hurley v. Donelli, No. 16-1-2007-0170.043 (Sup. Ct. March 26, 2007). The Appellate Division, Third Department affirmed on the merits, holding that the imposition of Hurley's sentence had not violated state procedural law under Penal Law § 70.20, and that Hurley was not otherwise entitled to habeas relief. Hurley v. Jubert, 868 N.Y.S.2d 331, 332 (3d Dep't 2008), leave to appeal denied, 12 N.Y.3d 703 (2009).

On April 30, 2007, Hurley filed a motion to vacate the judgment against him, pursuant to C.P.L. § 440.10, in the Supreme Court, Queens County. He again argued that the oral imposition of his sentence was defective because it omitted an express "custodial order," and that the court clerk had thus usurped the judicial function by completing the commitment form. On June 22, 2007, the court denied the motion on the merits. People v. Hurley, No. 804-2003 (Sup. Ct. June 22, 2007). The court subsequently denied Hurley's motion to reargue the case, and both the Appellate Division and the Court of Appeals denied leave to appeal. People v. Hurley, 2007 N.Y. Slip. Op. 87338(U) (2d Dep't, Dec. 24, 2007), dismissed, 10 N.Y.3d 766 (Feb. 6, 2008). Hurley then raised similar arguments in a motion pursuant to C.P.L § 440.20, which was denied on April 7, 2008.

In his federal habeas petition, Hurley presents four grounds for relief, the first three of which are essentially one. First, he claims that the sentencing court failed to include a "custodial element" in the pronouncement of his sentence or to expressly commit him to the custody of DOCS. Second, he argues that, in light of this omission, the court clerk overstepped his authority in filling out Hurley's commitment form. Third, Hurley claims that, in light of the foregoing, he is being unlawfully incarcerated by the DOCS in violation of his due process rights. Finally, he claims that the court erred in failing to articulate, in its pronouncement of sentence, that Hurley would be certified as a sex offender.

## II.  AEDPA STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When a claim is adjudicated on the merits by the state courts, a federal habeas court will apply AEDPA deference. A state court need not enunciate a rationale for its decision in order to properly dispose of a claim on substantive grounds. Brown v. Artuz, 283 F.3d 492, 498 (2d Cir. 2002) (holding that claims had been "adjudicated on the merits" where the Appellate Division merely stated that "defendant's remaining contentions are without merit").

The Supreme Court has stated that "clearly established federal law" means "the holdings, as opposed to the dicta," of its decisions at the time of the state court adjudication. Williams v. Taylor, 529 U.S. 362, 412 (2000). A decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Id. at 412–13. A decision involves an unreasonable application of clearly established federal law if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. The Supreme Court has explained that "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 777-87 (2011).

### III.  DISCUSION

#### a. Timeliness of the Petition

Hurley filed this habeas petition on April 21, 2009.  On July 2, 2009, after conducting an independent review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court ordered Hurley to show cause within 60 days why the petition should not be dismissed as time-barred.  Petitioner submitted an affidavit responding to the Court's Order on August 20, 2009.  On September 8, 2009, the Court ordered the respondent to file, within 30 days, a limited answer addressing the timeliness of the petition under 28 U.S.C. § 2244(d), or, if the respondent conceded that the petition was timely, a complete and entire answer within 60 days.  No response was received within 30 days, and after numerous requests for extension, the respondent filed an opposition memorandum on January 14, 2010.  Nowhere in this opposition does the respondent contest the timeliness of the petition.

The Court will thus assume that the petition is timely, as the petitioner is nonetheless not entitled to relief.

#### b. Sex Offender Certification

In his reply papers, Hurley concedes that his claim challenging his sex offender certification has not been exhausted.  He also concedes that "to seek exhaustion at this time in the appellate court would be futile, as the time for appealing the lower state court decision has long passed."  He therefore asks to withdraw this claim from his petition. (See Pet. Reply, at 17-18.)   The Court will grant Hurley's request to withdraw the claim since, in light of his concession that proper exhaustion is now impossible, the Court would have to find the claim procedurally defaulted.  See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001) ("[W]hen the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the

5

exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted.").

### c. The Imposition of Hurley's Sentence

Hurley's three claims related to his sentence may be disposed of together, as they all relate to the judicial pronouncement of his sentence and whether his subsequent incarceration by DOCS was unauthorized. In sum, Hurley claims that he is being unlawfully imprisoned because the sentencing judge did not use the word "imprisonment," and did not specifically direct that Hurley be committed to the custody of the State Department of Corrections. (See Pet. Reply, at 27 ("Nowhere during the court's actual pronouncement, did the court orally direct the punishment of 'imprisonment' or sentence[] Petitioner to the legal custody of the State Department of Correctional Services for an indeterminate period of time.")).

Hurley's attempts to establish a due process claim on these grounds are unavailing. To begin with, Hurley's objections to his sentence were adjudicated on the merits in state court and thus are entitled to AEDPA deference. Hurley raised his constitutional objections in both his state habeas petition and his § 440.10 motion to vacate the judgment in state court. The state trial court denied his petition for a writ of habeas corpus on the merits, holding that "irregularities or defects in the proceedings for commitment pursuant to a judgment of conviction do not constitute grounds for the discharge of a petitioner from DOCS custody as long as there is a valid judgment of conviction underlying the commitment." Hurley v. Donelli, No. 16-1-2007-0170.043, at 2 (Sup. Ct. March 26, 2007). The Appellate Division affirmed on the merits, holding that none of the actions taken in the sentencing court were inconsistent with state procedural law, and that, in any event, Hurley had not alleged any errors that would entitle him to release from detention. Hurley v. Jubert, 868 N.Y.S.2d

331, 332 (3d Dep't 2008). In response to Hurley's § 440.10 motion, the state trial court also denied Hurley's claim on the merits, noting that Hurley "does not challenge the validity of the sentence, only the placement of his body in a state correctional facility." People v. Hurley, No. 804-2003 (Sup. Ct. June 22, 2007). The court found that Hurley had properly been placed in the custody of DOCS according to state law, and that he "allege[d] no ground pursuant to CPL 440.10 to warrant vacating his judgment." Id.

The state courts' determination that Hurley was not unlawfully incarcerated was not contrary to, or an unreasonable application of, any clearly established federal law. Hurley relies on Hill v. Wampler, 298 U.S. 460 (1936) and Earley v. Murray, 425 F.3d 71 (2d Cir. 2006) ("Earley I"), petition for rehearing denied, 462 F.3d 147 (2d Cir. 2006) ("Earley II"). But those cases do not assist him.

Wampler established the proposition that a defendant's sentence cannot be altered or enhanced beyond those terms that were pronounced and imposed by the judge. In that case, the trial judge sentenced the defendant to 18 months in prison, plus a $5,000 fine. The clerk of the court subsequently added to the commitment form the condition that the defendant remain in custody until the fine was paid. Wampler, 298 U.S. at 461-62. The Supreme Court held that the added condition was void, because the clerk did not have the power to amend the sentence pronounced by the judge. Id. at 465-67. The Court stated: "The only sentence known to the law is the sentence or judgment entered upon the records of the court. . . . A warrant of commitment departing in matter of substance from the judgment back of it is void." Id. at 464-65.

In Earley, the Second Circuit held that the DOCS could not add a period of post-release supervision to a defendant's sentence, even where required by state law, where no such term had

7

been included in the sentence announced in court, the written judgment, or the order of commitment. Earley I, 451 F.3d at 75-76. The court reasoned that Wampler stood for the principle that "[t]he judgment of the court establishes a defendant's sentence, and that sentence may not be increased by an administrator's amendment. . . . The judgment authorized the state to incarcerate [the defendant] for six years and no more. Any addition to that sentence not imposed by the judge was unlawful." Id. at 75; see also Earley II, 462 F.3d at 149 ("Wampler undeniably stands for the proposition that the only valid terms of a defendant's sentence are the terms imposed by the judge. . . . Thus, . . . a sentence cannot contain elements that were not part of a judge's pronouncement.")

Were Hurley claiming that his sentence had been improperly increased beyond the terms imposed by the sentencing judge, the above cases would undoubtedly control. But Hurley cannot credibly make such a claim. His argument that he was never actually sentenced to prison, because the judge failed to use the word "imprisonment" during sentencing, must fail. There can be no question that the judge was imposing a term of incarceration during the proceeding.

At the time of his guilty plea, Hurley's attorney stated on the record: "My understanding is that my client . . . will be entering a plea of guilty to the entire indictment . . . [and that] this Court will be sentencing him to a period of incarceration of 13 to 39 years, and my client will not be waiving his right to appeal." (Transcript of Proceedings, Supreme Court, Queens County, Jan. 21, 2004, at 3.) The court later asked Hurley, "Do you understand that your sentence, when it's all added up with the consecutive time, is going to come out to 13 to 39?" to which Hurley responded, "Yes, your Honor." (Id. at 5.) Later in the same proceeding, Hurley asked the court to delay sentencing until March, explaining that because he had "a longstanding incarceration ahead of [him]," he wished to marry his fiancé first. (Id. at 19.)

8

At the March sentencing, when Hurley became frustrated over his confusion as to whether he could still appeal a statute of limitations issue, the judge stated to him: "You will have difficulty successfully adjusting to your time in jail and getting through if you . . . enter angry and you maintain your anger." (Transcript of Proceedings, Supreme Court, Queens County, March 15, 2004, at 15.) Hurley then stated repeatedly that he did not want to withdraw his plea, and did not want different counsel at sentencing. (Id. at 16-21.) The judge orally imposed the sentence as follows, which was recorded by the clerk:

> Counts one through five on each count, the sentence is 6 ½ to 19 ½ years . . . Count six, 2 to 6. Counts seven and eight are 6 ½ to 19 ½ each . . . Count nine, 5 to 15 . . . Count ten is one year. . . . All those counts are to run concurrently with each other. . . . Counts eleven through fifteen are all 6 ½ to 19 ½. And all those counts run concurrently with each other. . . . [S]o we have a total of 13 to 39.

(Id. at 27-28.) Finally, the court asked whether Hurley wanted his lawyer to file a notice of appeal for him, explaining that "you probably are going to get moved around by the Department of Corrections and get sent Upstate." (Id. at 29.)

Thus, while the sentencing judge may not have uttered the word "imprisonment," it is abundantly clear now, as it was to all back then, that he was sentencing Hurley to a term of incarceration of 13 to 39 years. Hurley does not argue that the clerk, or another non-judicial entity, has increased his term beyond 13 to 39 years, or that some other punitive or custodial term has been added (such as a fine or a period of supervised release). He does not even argue that some aspect of his sentence was unclear to him at the time it was imposed. He takes issue only with the words used by the judge. Nothing in federal law, much less clearly established federal law, provides relief for such a complaint.

Hurley makes much of the Second Circuit's statement in Earley, that "[w]hen a judge fails to impose a custodial element of a sentence, that element is not a part of the sentence, regardless of whether that failure was due to oversight or customary practice." Earley II, 462 F.3d at 149. The trial court's omissions here, however, do not amount to failures to impose an essential custodial element of the sentence. The judge imposed 13 to 39 years in prison: exactly what Hurley is currently serving. Wampler and Earley deal with substantive amendments to a defendant's sentence that <u>increase</u> or otherwise materially alter the custodial duration of the sentence. See Wampler, 298 U.S. at 464-65 ("A warrant of commitment departing <u>in matter of substance</u> from the judgment back of it is void." (emphasis added)); Earley I, 451 F.3d at 75 (The judge's sentence "may not be <u>increased</u> by an administrator's amendment" (emphasis added)). Those cases do not speak to Hurley's claim here, which is largely cosmetic.

Similarly, the fact that the sentencing judge did not expressly commit Hurley to the custody of DOCS did not violate due process. Hurley does not dispute that the crimes of which he is convicted require him to be placed in a state correctional facility, or that he has in fact been placed in such a facility. Where a trial court clearly imposes a term of imprisonment, it does not violate due process if that court fails to specify expressly which agency within the state would serve as custodian.

Hurley's objection to his sentence is, at most, a claim that the state court violated state procedural law, which is not cognizable on federal habeas review. See Patterson v. New York, 432 U.S. 197, 201-02 (1977) ("[I]t is normally within the power of the State to regulate procedures under which its laws are carried out, . . . and its decision in this regard is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions

and conscience of our people as to be ranked as fundamental.")  Thus, the issue of whether the state court violated the terms of Penal Law § 70.20(a), which requires a court imposing an indeterminate sentence to "commit the defendant to the custody of the state department of corrections," is not reviewable by this Court.

## IV. CONCLUSION

The petition for a writ of habeas corpus is denied.  Since Hurley has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue.  28 U.S.C. § 2253(c).  The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

/s/
CAROL BAGLEY AMON
Chief United States District Judge

Dated: February 13, 2012
Brooklyn, New York

11